UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FREDERICK W. ADKINS, | ) | |
| Petitioner, | ) | 2:13-cv-02170-JCM-PAL |
| vs. | ) | **ORDER** |
| DWIGHT NEVEN, *et al.*, | ) | |
| Respondents. | ) | |

     This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed April 17, 2014, this court granted petitioner's application to proceed *in forma pauperis*, denied petitioner's motion for the appointment of counsel, and directed respondents to file a response to the petition within forty-five days. (ECF No. 4).

     Petitioner has filed a motion for reconsideration of this court's order denying his motion for the appointment of counsel. (ECF No. 6). Respondents oppose petitioner's motion. (ECF No. 9). Petitioner has filed a reply. (ECF No. 12).

     In challenging an interlocutory order, a district court may rescind, reconsider, or amend a previous order pursuant to its inherent power to modify interlocutory orders before the entry of final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th

1   Cir. 1987).  In this case, petitioner seeks reconsideration of this court's order of April 17, 2014,
2   denying the appointment of counsel.  Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has
3   discretion to appoint counsel when it determines that the "interests of justice" require representation.
4   There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.
5   *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.
6   1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191,
7   1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th
8   Cir.), *cert. denied*, 469 U.S. 838 (1984).  In denying petitioner's motion for the appointment of
9   counsel, this court found that the petition on file is well-written and sufficiently clear in presenting
10  the issues that petitioner wishes to bring.  The court further found that the issues in this case are not
11  complex.  In his motion for reconsideration, petitioner states that he has mental health issues that
12  hinder his ability to litigate this case.  The court is not convinced that petitioner suffers from a degree
13  of mental illness that would prevent him from proceeding in this action *pro se*.  The court takes
14  judicial notice of the fact that petitioner has filed at least three *pro se* civil rights actions in this court,
15  including: 2:14-cv-626-MMD-VCF (still pending); 3:12-cv-581-LRH-VPC (dismissed due to
16  plaintiff's fraud on the court); and 3:09-cv-628-ECR-WGC (dismissed pursuant to settlement
17  agreement).  Petitioner's other *pro se* filings in this court tend to demonstrate that petitioner is
18  capable of representing his interests in this habeas corpus proceeding.  Petitioner has failed to make
19  the requisite showing that the interests of justice require the appointment of counsel in this case.
20  Petitioner's motion for reconsideration is denied.
21          Respondents filed a motion to file a late pleading (ECF No. 13) and a motion for an
22  enlargement of time in which to file their response to the petition (ECF No. 14).  Respondents seek
23  an extension of time to file a response to the petition, until after the court issues an order on
24  petitioner's motion for reconsideration.  Good cause appearing, respondents' motions are granted.
25
26

1  **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration of the order denying the appointment of counsel (ECF No. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to file a late pleading (ECF No. 13) and motion for an enlargement of time (ECF No. 14) are **GRANTED.**

**IT IS FURTHER ORDERED** that respondents are **GRANTED forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition.  In their answer or other response, respondents shall address all claims presented in the petition.  Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

Dated July 21, 2014.

_____
UNITED STATES DISTRICT JUDGE