# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDERICK W. ADKINS,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:13-cv-02170-JCM-PAL

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the court are respondents' motion to dismiss the petition (ECF No. 18), respondents' motion to seal exhibits (ECF No. 26), petitioner's motion to file a first amended petition (ECF No. 47), and related matters.

**I. Respondents' Motion to Seal Exhibits**

    Respondents have filed exhibits which comprise the state court record. (ECF Nos. 19-25). Additionally, respondents seek permission to file under seal petitioner's presentence investigation report and psychological evaluations, which contain confidential information. (ECF No. 26). The presentence investigation report and psychological evaluations were submitted under seal for *in camera* review. (ECF No. 27).

    There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins.*

1  *Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003).  The court has inherent power over its own records and
2  files, and access may be denied where the court determines that the documents may be used for
3  improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49
4  F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172,
5  1179 (9th Cir. 2006).  Good cause, and in some circumstances, compelling reasons, must be shown
6  to justify sealing the document.  *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.
7  A showing of good cause generally requires a specific description of the particular documents
8  sought to be sealed and a showing that disclosure of such documents would work a "clearly defined
9  and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994).  Where
10 good cause is shown for a protective order, the court must balance the potential harm to the moving
11 party's interests against the public's right to access the court files.  *Kamakana v. City and County of*
12 *Honolulu*, 447 F.3d at 1179-89.
13       The presentence investigation report and psychological evaluations that respondents seek to
14 file under seal contain confidential information concerning petitioner, as defined under NRS
15 176.156 and NRS 209.131.  On balance, the potential harm to the parties' interests outweighs the
16 public's right to access petitioner's presentence investigation report and psychological evaluations.
17 Respondents have made an adequate showing of compelling reasons to keep petitioner's
18 presentence investigation report and psychological evaluations sealed.  Accordingly, the court grants
19 respondents' motion to seal these documents.
20 **II. Motion to Dismiss & Motion to File Amended Petition**
21       Respondents have filed a motion to dismiss the petition.  (ECF No. 18).  Plaintiff has filed a
22 motion for leave to file an amended petition, and has submitted a proposed amended petition.  (ECF
23 No. 47).[1]  Rule 15(a)(2) provides that a party may amend its pleading with the court's leave, and that
24 "the court should freely give leave when justice so requires."  Good cause appearing and in the
25 interests of justice, petitioner's motion to amend is granted.  Fed. R. Civ. P. 15(a)(2).  This action
26 shall proceed on the first amended petition.  Respondents' motion to dismiss is denied without
27
28       [1] Plaintiff's earlier filed motion to amend (ECF No. 42), is denied as moot.

prejudice. The court will set a deadline for a response to the amended petition, as set forth at the conclusion of this order.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to seal (ECF No. 26) the presentence investigation report and psychological evaluations is **GRANTED.** The clerk of court shall keep the presentence investigation report and psychological evaluations (ECF No. 27) filed under seal.

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time to file a proposed amended petition (ECF No. 46) is **GRANTED *nunc pro tunc*.**

**IT IS FURTHER ORDERED** that petitioner's August 12, 2015 motion for leave to file a first amended petition (ECF No. 47) is **GRANTED.** The clerk of court **SHALL FILE** petitioner's proposed first amended petition (ECF No. 47-1 & 47-2).

**IT IS FURTHER ORDERED** that petitioner's November 19, 2014 motion to amend (ECF No. 42) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 18) is **DENIED WITHOUT PREJUDICE** to renewing such arguments in response to the first amended petition.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the first amended petition. In their answer or other response, respondents shall address all claims presented in the first amended petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained.

Dated September 9, 2015.

_____
UNITED STATES DISTRICT JUDGE