# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FREDERICK W. ADKINS,

     Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

     Respondents.

Case No. 2:13-cv-02170-JCM-PAL

**ORDER**

     This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.  The matter previously came before the court on a motion to dismiss the amended petition.  By order filed December 7, 2016, the court dismissed the following claims as plainly meritless: (1) the Eighth Amendment claim in ground 1; (2) the Fifth and Eighth Amendment claims in ground 3; and (3) ground 4 in its entirety.  The court also determined that the following claims are unexhausted: (1) the claim in ground 1 that petitioner was denied a due process right to not be subjected to involuntary administration of narcotic and anti-psychotic medications; (2) claims in ground 1 based upon an allegation that medications were injected into petitioner by force several times the day of his plea, including just prior to the hearing; and (3) ground 2 in its entirety.  The court denied petitioner's motion for a stay and abeyance because petitioner failed to establish good cause for his failure to exhaust the unexhausted claims.  The court granted petitioner thirty days in which to file a motion for either the dismissal of the entire amended petition without prejudice or dismissal of the unexhausted claims without prejudice.  (ECF No. 66).

1        On January 4, 2017, petitioner filed a "motion for partial dismissal without prejudice /

2   motion for protective order to exhaust." (ECF Nos. 68 & 69).  As to petitioner's request for

3   dismissal without prejudice of the unexhausted claims, respondents have no objection.  (ECF No.

4   71).

5        Respondents object to petitioner's "motion for a protective order to exhaust." (ECF Nos. 69

6   & 70).  In the order filed December 7, 2016, the court denied petitioner's motion for a stay and

7   abeyance to return to state court and exhaust petitioner's unexhausted claims.  (ECF No. 66).  To the

8   extent that petitioner's January 4, 2017 motion asks for a "protective order" wherein this court

9   would retain jurisdiction to address ground 2 once he returns to state court and exhausts state

10  remedies, petitioner's motion is construed as a motion for reconsideration.  Under Local Rule 59-1,

11  motions for reconsideration of an interlocutory order are governed by the Federal Rules of Civil

12  Procedure, Rule 59 or 60 as applicable.  Such a motion "must state with particularity the points of

13  law that the court has overlooked or misunderstood." Local Rule 59-1.  Reconsideration may also

14  be appropriate if (1) there is newly discovered evidence that was not available when the original

15  motion or response was filed, (2) the court committed clear error or the initial decision was

16  manifestly unjust, or (3) if there is an intervening change in controlling law.  Local Rule 59-1.  A

17  motion for reconsideration is disfavored.  Local Rule 59-2.  The movant may not repeat arguments

18  previously presented unless it is necessary to explain controlling, intervening law or to argue new

19  facts.  In his January 4, 2017 motion for reconsideration, petitioner cites no authority to support his

20  argument, and he presents no new evidence or clear error by the court.  Petitioner presents no

21  intervening law or new fact justifying reconsideration of this court's previous order.  Petitioner's

22  motion is denied.

23      **IT IS THEREFORE ORDERED** that petitioner's motion for a protective order (ECF No.

24  69), construed as a motion for reconsideration, is **DENIED.**

25      **IT IS FURTHER ORDERED** that petitioner's motion for dismissal without prejudice of

26  his unexhausted claims (ECF No. 68) is **GRANTED.**  The following grounds are **DISMISSED**

27  **WITHOUT PREJUDICE:**  (1) the claim in ground 1 that petitioner was denied a due process right

28  to not be subjected to involuntary administration of narcotic and anti-psychotic medications; (2)

1  claims in ground 1 based upon an allegation that medications were injected into petitioner by force

2  several times the day of his plea, including just prior to the hearing; and (3) ground 2 in its entirety.

3       **IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** from the date of

4  entry of this order to file their answer to the remaining grounds of the amended petition.

5       **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** after the filing of

6  the answer to file a reply.

7       Dated April 4, 2017.

8

9

10

11                          UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-